JUSTICE McKINNON,
concurring in part and dissenting in part.
¶34 I agree that this matter should be dismissed without prejudice for a district judge to consider the issue of Judge Huss’s impartiality. In my opinion, however, the Court unnecessarily concludes that Judge Huss was required to disclose his personal settlement. We have not addressed such an issue previously and I would refrain from doing so given the absence of any record or decision of the trial court regarding the specific issue of disclosure or a decision from the Judicial Standards Commission. As a result, I fear the Court has announced a new rule of judicial disclosure concerning the personal and subjective circumstances of a trial judge which ultimately will prove problematic and unmanageable for trial courts given the absence of any factual record supporting, explaining, or substantiating the Court’s reasoning and the multitude of personal situations that potentially could be relevant for disclosure.
¶35 Indeed, it is not clear what relevance Judge Huss’s failure to disclose has to the issue of disqualification or even whether the matter is more appropriately committed to a disciplinary proceeding. Significantly, a trial judge has many personal experiences which are common to those of the litigants appearing before him. Some experiences, for example a trial judge presiding over a contested parenting proceeding when he is also involved in a contested parenting *256 proceeding involving his own children, would not appear to require disclosure — except upon the existence of particularly relevant facts. The Court has deemed disclosure was required because a legal process utilized by Judge Huss was similarly utilized by Peters — contesting the reasonableness of a stipulated settlement. It would seem at first glance that there would be a sundry of legal proceedings that a trial judge may be involved in personally that would parallel those upon which he was presiding over as trial judge. This is why a decision that Judge Huss was required to disclose must first take place through a fact-finding process in order to clarify the nexus and relevance of the disqualifying circumstances to the issue of the judge’s impartiality. It is axiomatic that such an evidentiary process cannot occur in this Court.
¶36 With this one exception regarding the rendering of an advisory opinion on judicial disclosure, I agree that this matter should be dismissed for a hearing on the issue of Judge Huss’s impartiality.